# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1109012491 |
| | ) | |
| | ) | |
| DAVID A. SALASKY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 1, 2019
Decided: April 8, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S (SECOND) MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA SHOULD BE DENIED

Joseph Grubb, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

David A. Salasky, *pro se*

**MAYER,** Commissioner

This 8th day of April, 2019, upon consideration of Defendant's (Second) Motion for Postconviction Relief, the Motion to Withdraw Guilty Plea, and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On December 5, 2011, David A. Salasky ("Defendant") was indicted on twenty-four (24) felony charges including Murder in the First Degree for causing the death of a New Castle County police officer. At the time of the incident, Defendant was on probation for certain previous felony convictions. Defendant eventually plead guilty but mentally ill to fifteen (15) criminal charges.[1] After consideration of the psychological reports, the Court issued findings that Defendant was competent to enter a plea and that the plea was entered knowingly and voluntarily.[2] On January 17, 2014, Defendant was sentenced to two life sentences, plus 157 years of incarceration.[3] Defendant did not appeal his conviction.

---

[1] D.I. # 136.

[2] D.I. # 165 (the "GBMI Order").

[3] D.I. # 166. Defendant was sentenced for two pending violations of probation as well as two counts of Murder First Degree, four counts of Possession of a Deadly Weapon During Commission of a Felony, two counts of Possession of a Deadly Weapon by a Person Prohibited, Assault Second, four counts of Burglary Third Degree, Attempted Robbery First Degree, and Resisting Arrest.

On October 16, 2017, Defendant filed his first Motion for Postconviction Relief (the "First Motion").[4] On December 5, 2017, a Report and Recommendation (the "Report")[5] was issued recommending summary dismissal of the First Motion on the basis that: (1) the First Motion was procedurally barred for having been filed more than one year after the judgment of conviction became final; (2) certain claims presented were waived because Defendant plead guilty and/or failed to raise the claims in the original proceedings; and (3) the remaining claims were barred as formerly adjudicated. The Report set forth at length the circumstances surrounding Defendant's mental health, his consumption of pharmaceutical drugs during the trial proceedings, as well as the lengthy colloquy between the trial judge and Defendant whereby the Court addressed Defendant's competency before accepting the plea. After the Report was issued, Defendant filed a letter requesting reconsideration.[6] An Order was entered on January 12, 2018, addressing the arguments presented in the Letter and denying the request for reconsideration of the Report. On February 20, 2018, the Superior Court adopted the Report and denied the First Motion.[7] Defendant did not file an appeal of that decision.

---

[4] D.I. # 174.

[5] D.I. # 177.

[6] D.I. # 178.

[7] D.I. # 180.

3

On March 1, 2019, Defendant filed his (Second) Motion for Postconviction Relief (the "Second Motion").[8] The Second Motion presents several claims but then states:

> I don't want post-conviction relief. I want plea dropped.
> All charges recharged and a trial in Mental Health Court
> with new judge and counsel, as I don't even know how to
> get counsel for motions in another state.

Along with his Motion, Defendant filed a Motion to Withdraw Plea Agreement ("MTW").[9] The MTW presents twenty-five (25) widely ranging claims and little to no legal authority cited in support. All of the claims presented in the Second Motion were likewise set forth in the MTW.

## Defendant's Second Motion for Postconviction Relief[10]

Pursuant to Super. Ct. Crim. R. 61(d)(5) the Second Motion may be summarily dismissed because it plainly appears from the record in the case that the

---

[8]  D.I. # 183.

[9]  D.I. # 186.

[10]  Although Defendant did not formally file a motion for appointment of counsel, he argues throughout the Motion and MTW that she should be afforded the benefit of counsel. However, a request for appointment of counsel must accompany the postconviction motion and the Court will only appoint counsel if it is determined that the subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) and (2)(ii) of subdivision (d) of Rule 61. *See* Super. Ct. Crim. R. 61(e)(5). As set forth herein, Defendant has not met these requirements.

motion is procedurally barred and movant is not entitled to relief. As such, the Court should not consider the merits of the claims.[11]

As an initial matter, Defendant's Second Motion is barred by Super. Ct. Crim. R. 61(i)(1) for having been filed more than one year after the judgment of conviction became final. Defendant's judgment of conviction became final on February 16, 2014.[12] This Second Motion, having been filed more than 4 years later, is untimely.

Further, pursuant to Super. Ct. Crim. R. 61(i)(2), any first motion for postconviction relief is deemed to have set forth all grounds for relief available to the movant. No second or subsequent motion for postconviction relief is permitted unless the motion pleads with particularity (i) that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies and renders the conviction invalid.

---

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990); *Paul v. State*, 2011 WL 3585623 (Del. Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[12] *See* Super. Ct. Crim. R. 61(m)(1). If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence.

In summary, Defendant's Second Motion presents the following claims: (1) trial counsel admitted Defendant's guilt at a preliminary hearing; (2) the trial was delayed for months without his permission; (3) a witness presented false testimony; (4) the trial judge went beyond the plea agreement by entering a no-contact order with the victim's family; (5) Defendant's plea was "signed by Carpenter who isn't a true judge but an IRS adm. Collector"; and (6) a miscarriage of justice is occurring because Defendant was sent by the Department of Corrections to be housed at a facility outside the State of Delaware. The Second Motion does not assert any newly discovered evidence nor does it cite a new rule of constitutional law that would render Defendant's conviction invalid. Therefore, Defendant's Second Motion is procedurally barred pursuant to Super. Ct. Crim. R. 61(i)(2).

Finally, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Defendant's claims (1) through (3) were previously adjudicated in the underlying proceedings or through the First Motion. To the extent Defendant did not previously assert these claims, they are deemed waived for his failure to present them in the original proceedings. Defendant's claims (4) and (5) are simply

6

factually and legally incorrect.[13]  With respect to claim (6), the Department of Corrections determines an inmate's classification for housing purposes and to the extent Defendant seeks to challenge that, this is not the proper course.[14]

### Defendant's Motion to Withdraw Plea Agreement

Defendant filed his MTW more than four (4) years after he plead guilty and was sentenced.  As such, the plea may only be set aside by motion under Super. Ct. Crim. R. 61.[15]  I have carefully considered each of the twenty-five (25) arguments presented in the MTW as if they were presented by way of a motion for postconviction relief pursuant to Rule 61.  Defendant has failed to satisfy any of the exceptions to the procedural bars to relief set forth in Rule 61 and correspondingly, Defendant's MTW should be denied.[16]

---

[13]  A sentencing judge is not bound by the recommendation set forth in the plea agreement. *See* Super. Ct. Crim. R. 11(e)(1)(B).

[14]  *See State v. McCoy*, 143 A.3d 7, 17-18 (Del. 2016).

[15]  *See* Super. Ct. Crim. R. 32(d).

[16]  It appears Defendant lacks an understanding of "Mental Health Court." Although his moving papers argue he should have a new trial in Mental Health Court, that program does not afford defendants a trial process separate and distinct from the Superior Court.  In addition, this Court has previously recognized that a defendant charged with murder is ineligible for Mental Health Court. *See State v. Love*, 2016 WL 1627721, at *2 (Del. Super. Apr. 20, 2016).

For all of the foregoing reasons, Defendant's (Second) Motion for Postconviction Relief should be SUMMARILY DISMISSED and the Motion to Withdraw Plea Agreement should be DENIED.


**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer


oc:   Prothonotary
cc:   David A. Salasky